HARLAN FRIEDRICHSEN ET AL., APPELLANTS, V. JOHN KOEHN ET AL., APPELLEES.

344 N.W.2d 672

Filed February 24, 1984. No. 83-552.

Nye, Hervert, Jorgensen & Watson, P.C., for appellants.

Berreckman & Berreckman, P.C., for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal by Harlan Friedrichsen and Betty Friedrichsen from an order of the district court for Lincoln County, Nebraska, denying their petition for writ of habeas corpus against the appellees, John Koehn and Margaret Koehn. The Friedrichsens are the adoptive parents of Karen Friedrichsen, who was age 17 at the time the petition was filed. John and Margaret Koehn are the brother-in-law and sister of Karen. The petition, which was filed in February 1983, alleges that the Koehns are illegally detaining Karen and prayed that the court give care, custody, and possession of Karen to the Friedrichsens.

The inception of the convoluted legal struggle began in 1980 when a petition was filed by the Dawson County deputy attorney, ostensibly at the request of the Friedrichsens, alleging that Karen, then age 14, was a child as defined by Neb. Rev. Stat. § 43-202(4) (Reissue 1978) by reason of the facts that Karen was wayward or habitually disobedient, and was uncontrolled by her parent, guardian, or custodian.

At the hearing in the juvenile court Karen admitted the allegations in the petition. The Dawson County Court placed Karen in temporary custody of John and Margaret Koehn. The Friedrichsens appealed to the district court, which affirmed the county court's determination. The case was then appealed to this court.

During the time the appeal was pending in this court, the Friedrichsens approached the Dawson

County attorney and advised him that it was not their desire that juvenile proceedings be commenced against Karen in the first instance.

Notwithstanding the existence of the order of the district court and the fact that the case was on appeal to this court, thereby staying all other proceedings, the county attorney proceeded to file a dismissal of the action in Dawson County Court. The county court, apparently persuaded that it had the authority, dismissed the case. Thereafter, appellants' counsel, under the erroneous belief that the issue was moot, voluntarily dismissed the appeal in this court and elected to proceed under a writ of habeas corpus.

Disregarding the rather cavalier attitude of both the county attorney and the county court concerning their authority to dismiss a case in a lower court pending on appeal in this court, and considering only the merits of the matter in habeas corpus, the evidence discloses that Karen Friedrichsen, now over 18 years of age, has for the last nearly 4 years lived with her sister and brother-in-law. Since that time, Karen has secured the equivalent of a high school degree through the completion of a General Educational Development degree program. She has found gainful employment and has greatly matured. She is happy living with the Koehns and does not desire to return to her parents' home. It is also questionable whether the appellants are sincere in their desire to have Karen return to their home, or, rather, simply wish to acquire physical custody for the purpose of a mental examination and commitment, although the record is absolutely silent of the necessity of any such procedure.

We said in *Nielsen v. Nielsen*, 207 Neb. 141, 149, 296 N.W.2d 483, 488 (1980): "Where the custody of a minor child is involved in a habeas corpus action, the custody of the child is to be determined by the best interests of the child, with due regard for the superior rights of a fit, proper, and suitable parent."

Apparent from the face of the record is the fact that the differences between Karen and her parents are irreconcilable. Karen, who is no longer subject to the juvenile authorities and who has approximately 1 year until she reaches the age of majority, has become fully emancipated. While it is true that the Koehns are graciously providing a home for Karen, they do not assert legal custody, apparently believing, as did the other parties involved, that the juvenile proceeding became null and void by reason of the county attorney's rather precipitous dismissal in the county court.

In review of the facts and circumstances of this case, we are inclined to agree with the decision of the district court that the best interests of Karen require that she be allowed to continue her life as an adult in an environment of her own choosing. No good would result by taking an apparently well-adjusted person and placing her back in the custody of parents from whom she has become estranged and who do not appear to be, in fact, greatly attached to their daughter.

AFFIRMED.